UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DAVY CORDERO,

                                 Plaintiff,                        **COMPLAINT**

    -against-                                                     Jury Demand

THE CITY OF NEW YORK,
BENJAMIN WARREN,
MICHAEL MCDERMOTT,
JOHN AND JANE DOES 1-2

                                 Defendants.
------------------------------------------------------------------------x

        Plaintiff Davy Cordero (incorrectly named as David in police paperwork) ("Plaintiff") by and through his attorneys Robert Blossner, Esq. and Vik Pawar, Esq., respectfully allege as follows:

        1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees for violations of their civil rights, as secured by statutes and the Constitution of the United States and the State of New York.

        2.     Plaintiff has complied with conditions precedent to filing state law claims by filing timely notices of claim, intends to attend 50h hearings and giving the City adequate time to settle their claim and this lawsuit is commenced within one year and ninety days of the incident.

## PARTIES

        3.     Plaintiff is a citizen of the United States, and at all relevant times a resident of the County of Bronx, and CITY and State of New York.

4. Defendant CITY of New York (hereinafter "CITY") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. The named Defendants and the John and Jane Does 1-2 ("individual defendants") are or were employed by the CITY and acted under the color of state law and are sued in their individual capacity.

## FACTS

6. On June 29, 2023, plaintiff was in the vicinity of 203 East 175th street, when members of the NYPD from the 46th precinct including the named defendants showed up and put plaintiff up against the wall.

7. Plaintiff repeatedly asked why he was being treated in that fashion and the NYPD defendants said nothing in response.

8. The defendants then placed handcuffs on plaintiff and put him inside a police van for over an hour.

9. Plaintiff was then transported to the precinct where he remained arrested, processed, fingerprinted, strip-searched and charged with criminal possession of a weapon.

10. Plaintiff was then released after spending 20 hours in custody.

11. Plaintiff had committed no crime or had otherwise engaged in any wrongdoing.

12. All the charges against the Plaintiff were dismissed after he made numerous trips to the court or after the DA decided not to pursue the false charges against the Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
(Assault and Battery)

13. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

14. The Defendants committed acts that caused harm to Plaintiff.

15. The Defendants intended to inflict injury or pain on Plaintiff.

16. As a reason of the assault and unlawful battery by the Defendants Plaintiff was apprehensive and suffered physical and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Harassment)

17. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

18. The Defendants intended to harass, annoy or alarm Plaintiff.

19. These defendants acted in a way that caused Plaintiff to be harassed, annoyed and alarmed.

20. As a result of their conduct, Plaintiff suffered and continue to suffer mental and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

21. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

22. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

23. The aforementioned conduct was committed by Defendants while acting

within the scope of their employment by Defendant City.

24. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant City.

25. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

26. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of NYS and NYC Human and Civil Rights Law)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

28. Defendants conduct herein denied Plaintiff the equal protection of the law, discriminated against them and caused their injuries.

29. As a result, Plaintiff' rights protected by the New York State and New York City Human Rights Laws were violated.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of NY)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31. Defendant City owed a duty to individuals like Plaintiff to properly screen, train, hire and then appropriately discipline its employees.

32. Defendant City breached its duty and failed to use reasonable care in the screening, hiring, retraining and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff' rights.

33. As a result, Plaintiff suffered injuries.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. Defendant City owed a duty to individuals like Plaintiff.

36. Defendant City breached its duty when individual DOE Defendants engaged in and participated in the violation of Plaintiff rights.

37. As a result, Plaintiff suffered injuries.

38. Plaintiff' physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment engaging in the wrongful conduct described herein.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein that caused Plaintiff' irreparable physical and emotional injuries.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Fourth and Fourteenth Amendments- unlawful seizure/imprisonment/excessive force/malicious prosecution/denial of right to fair trial)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. Defendants used force and brute to arrest Plaintiff and physically assaulted him.

43. These defendants also trumped up false charges against Plaintiff and fabricated evidence.

44. These defendants drafted criminal court paperwork, complaint report and forwarded them to the DA's office knowing that Plaintiff would be prosecuted.

45. These defendants failed to retract their falsified paperwork and deprived Plaintiff of his liberty.

46. Defendants conduct was "repugnant to the conscience of mankind" and caused serious physical and emotional injuries to Plaintiff.

**WHEREFORE**, Plaintiff seeks judgment against the defendant individually, jointly, severally in the amount of $250,000.00 for each and every cause of action, costs, expenses and attorney fees, and any other relief that the Court may deem just and proper.

Dated: January 9, 2024
New York, New York 10007

Respectfully,

Robert Blossner
20 Vesey Street Suite 1410
NY NY 10007
212 571 0805